IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANDEEP GOEL, *et al.*, | § | |
| Plaintiffs/Appellants, | § | **CIVIL ACTION NO. H-20-3791** |
| | § | |
| v. | § | ADVERSARY NO. 19-3005 |
| | § | |
| DUSTIN CHRISTOPHER TUCKER, | § | |
| Defendant/Appellee. | § | |

## MEMORANDUM AND ORDER

Appellants Sandeep and Jaya Goel filed a Notice of Appeal from the Order Granting New Trial entered October 27, 2020 ("October 27 Order"), by United States Bankruptcy Judge Eduardo V. Rodriguez in Adversary Case No. 19-3005 ("Adv. Case No. 19-3005"). *See* Notice of Appeal [Doc. # 1-1]. Appellants filed their Brief [Doc. # 5], Appellee Dustin Tucker filed his Appellee's Brief [Doc. # 19], and Appellants filed a Reply Brief [Doc. # 20].

Having reviewed the full record and the applicable legal authorities, the Court **vacates** the October 27 Order and **remands** the case to the bankruptcy court for further proceedings.

### I.   BACKGROUND

On February 20, 2020, following a trial at which Defendant/Appellee Dustin Tucker "did not appear and wholly defaulted," the Bankruptcy Court issued a Final

Judgment in favor of Appellants.  *See* Final Judgment [Doc. # 54 in Adv. Case No. 19-3005].  On September 11, 2020, Tucker filed a Motion to Set Aside Void Judgment [Doc. # 69 in Adv. Case No. 19-3005], which was denied by Order [Doc. # 71 in Adv. Case No. 19-3005] entered September 15, 2020.  On September 28, 2020, Tucker filed a Notice of Appeal from the September 15, 2020 Order.  *See* Notice of Appeal [Doc. # 73 in Adv. Case No. 19-3005].  The Notice of Appeal was docketed in the district court as Civil Action No. 4:20-3408.

On October 20, 2020, Tucker filed an Emergency Motion to Stay Pending Appeal [Doc. # 85 in Adv. Case No. 19-3005].  At a hearing on that Emergency Motion on October 23, 2020, the Bankruptcy Court became aware that Appellants's counsel, having previously sent notice to Tucker at his correct new address, sent the notice of trial to an incorrect former address.  *See* Transcript [Doc. # 94 in Adv. Case No. 19-3005], p. 6.  The Court found that, as a result of counsel sending the pretrial notice to an incorrect address, Tucker did not receive notice of the trial setting.  *See id.* at 11.  Therefore, the Bankruptcy Court vacated its Final Judgment, *see id.*, and entered its Order Granting New Trial on October 27, 2020 [Doc. # 92 in Adv. Case No. 19-3005].[1]  Also on October 27, 2020, the Bankruptcy Court issued an Order

---

[1] Rulings on motions under Rule 60(b) are within the court's discretion.  *See Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981); *In re Delta Starr Broad., L.L.C.*,
(continued...)

setting a status conference for November 17, 2020. *See* Order [Doc. # 93 in Adv. Case No. 19-3005].

On November 4, 2020, Appellants filed their Notice of Appeal from the October 27 Order vacating the Final Judgment and granting a new trial. *See* Notice of Appeal [Doc. # 101 in Adv. Case No. 19-3005]. That Notice of Appeal was docketed in this Court as the pending civil case, Civil Action No. 4:20-3791.

At the status conference on November 17, 2020, the Bankruptcy Court abated the Adversary Proceeding pending a ruling by this Court on the two appeals. *See* Nov. 17, 2020 Minutes in Adv. Case No. 19-3005.

On January 14, 2021, counsel for Appellants sent the Bankruptcy Court an *ex parte* letter requesting a status conference to present unidentified newly-discovered evidence. *See* Letter [Doc. # 117 in Adv. Case No. 19-3005]. On January 21, 2021, the Bankruptcy Court issued an Order scheduling a status conference for February 23, 2021. *See* Order [Doc. # 119 in Adv. Case No. 19-3005].

Meanwhile, on January 18, 2021, this Court dismissed Tucker's appeal from the September 15, 2020 Order denying his Motion to Vacate Void Judgment because

---

[1] (...continued)
422 F. App'x 362, 366 (5th Cir. 2011); *All-Tex Staffing & Pers. Inc. v. Romo-Torres*, 2020 WL 6384359, *2 (S.D. Tex. Oct. 30, 2020) ("The decision to grant a Rule 60(b) motion is 'within the sound discretion of the trial court.'").

the Order subject to that appeal had been vacated by the Bankruptcy Court. *See* Dismissal Order [Doc. # 6 in Civil Action No. 4:20-3408].

On February 5, 2021, Tucker filed a Motion to Set Aside Void Judgment and Motion for Indicative Ruling [Doc. # 122 in Adv. Case No. 19-3005] in the Adversary Proceeding. By separate Orders entered February 8, 2021, the Bankruptcy Court cancelled the February 23, 2021 conference [Doc. # 123 in Adv. Case No. 19-3005] and stayed the Adversary Proceeding until this Court ruled on the pending appeal [Doc. # 124 in Adv. Case No. 19-3005].

This appeal from the October 27 Order has been fully briefed and is now ripe for decision.

## II.   JURISDICTIONAL ISSUES

### A.   This Court's Jurisdiction over Interlocutory Appeal

District courts have jurisdiction to consider appeals from bankruptcy court "final judgments, orders, and decrees." *See* 28 U.S.C. § 158(a)(1). Appeals to the district court of interlocutory orders entered by a bankruptcy court are permitted "with leave of the court." *See* 28 U.S.C. § 158(a)(3).

In this case, the October 27 Order vacating the Final Judgment and granting Tucker's Rule 60(b) Motion to Set Aside Void Judgment is not a final order, but it is nevertheless appealable. *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir.

2004). An order granting a Rule 60(b) motion for relief from a final judgment is purely interlocutory and generally not appealable, but "when the appellant attacks the jurisdiction of the [bankruptcy] court to vacate the judgment . . ., an appeal will lie to review the power of the court to enter such an order." *Id.* (quoting *Hand v. United States*, 441 F.2d 529, 530 n.1 (5th Cir. 1971)). On this basis, the Court has jurisdiction to consider the pending appeal.

Additionally, although Appellants did not file a motion for leave to appeal, it is uncontested that their notice of appeal was timely filed. Therefore, the Court may exercise its discretion to "treat the notice of appeal as a motion for leave and either grant or deny it." FED. R. BANKR. P. 8004(d); *see also Rozelle v. Lowe*, 2016 WL 8729475, *3 (W.D. Tex. Mar. 29, 2016); *Smith v. AET Inc., Ltd.*, 2007 WL 1644060, *5 (S.D. Tex. June 4, 2007). In this case, the Court exercises its discretion to treat the notice of appeal as a motion for leave to appeal and grants the motion. As a result, on this basis the Court has jurisdiction under 28 U.S.C. § 158(a)(3) to consider this appeal.

**B.**     **Bankruptcy Court's Jurisdiction to Enter October 27 Order**

On September 28, 2020, Tucker filed his Notice of Appeal from the September 15, 2020 Order denying his Motion to Set Aside Void Judgment. That appeal was docketed in the district court on November 3, 2020 [Doc. # 3 in Civil

Action No. 4:20-3408]. Once the appeal was perfected, the bankruptcy court lost jurisdiction to grant a Rule 60(b) motion to reconsider the ruling subject to the appeal. *See, e.g., Shepherd*, 372 F.3d at 329 (5th Cir. 2004). If the bankruptcy court were inclined to grant Tucker's Rule 60(b) motion while the appeal was pending, "then it [was] necessary to obtain the leave of the [appellate] court." *See id.* Absent leave of the district court, the bankruptcy court "is without jurisdiction, and cannot grant the motion." *Id*. It is undisputed that the bankruptcy court issued the October 27 Order while Tucker's appeal was pending. As a result, the bankruptcy court lacked jurisdiction to grant the relief requested in the Rule 60(b) Motion to Set Aside Void Judgment.

"If a party files a timely motion in the bankruptcy court for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the bankruptcy court may . . . (3) state that the court would grant the motion if the court where the appeal is pending remands for that purpose, or state that the motion raises a substantial issue." FED. R. BANKR. P. 8008(a)(3). The Bankruptcy Court did not, however, prior to issuing the October 27 Order, state that it would grant Tucker's Rule 60(b) motion if the appeal were remanded for that purpose. Tucker argues that the Court should construe the October 27 Order as an indicative ruling by the bankruptcy court under Rule 8008(a), but cites no legal authority that would allow the

Court to do so. The Court notes that with entry of this Order, neither appeal from orders in the Adversary Proceeding will be pending. As a result, the Bankruptcy Court again has jurisdiction to consider Tucker's requests for Rule 60(b) relief.

### III.    CONCLUSION AND ORDER

The Bankruptcy Court issued its October 27, 2020 Order Granting New Trial while there was a pending appeal from the September 15, 2020 Order denying the Motion to Set Aside Void Judgment. As a result, the Bankruptcy Court lacked jurisdiction to enter the October 27 Order, and it is hereby

**ORDERED** that the Bankruptcy Court's Order Granting New Trial [Doc. # 92 in Adv. Case No. 19-3005] is **VACATED**, and the matter is **REMANDED** to the Bankruptcy Court for further proceedings, which may include consideration of the Motions to Set Aside Void Judgment [Docs. # 60 and # 122 in Adv. Case No. 19-3005].

SIGNED at Houston, Texas, this 22nd day of **February, 2021**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE